CIVIL AERONAUTICS BOARD *v.* HERMANN ET AL.

No. 540.  Argued April 25, 1957.—Decided May 6, 1957.

*Solicitor General Rankin* argued the cause for petitioner.  With him on the brief were *Assistant Attorney General Hansen, Daniel M. Friedman, Franklin M. Stone* and *Robert Burstein.*

*Roland E. Ginsburg* argued the cause and filed a brief for respondents.

PER CURIAM.

Petitioner had instituted an administrative enforcement proceeding against the respondents, a group of individuals and business entities operating as the "Skycoach" air travel system.  The Board's complaint charged violation of its regulations as well as of the Civil Aeronautics Act and sought certain revocation and cease-and-desist orders against respondents.  In the course of the proceedings, the Hearing Examiner issued a number of sub-

poenas *duces tecum* calling for the production of certain categories of documents of the respondent companies covering specified periods of time. On a motion to quash on the grounds, *inter alia,* that the subpoenas were vague, excessively broad in scope, and oppressive, both the Hearing Examiner and the Board found that the subpoenas described the documents to be produced with sufficient particularity, were reasonable in scope, and were not oppressive. Upon respondents' continued refusal to honor the subpoenas, petitioner filed this enforcement proceeding. Initially the trial judge continued the cause for 10 days "on condition that respondents . . . make the documents specified in the administrative subpenas . . . available immediately to the representatives of the Civil Aeronautics Board for examination and copying at the usual places of business of the named respondents . . . ." Upon the expiration of this period, the court, on a showing that respondents had not complied with this condition, entered an order of enforcement allowing "a sufficient length of time between dates for the production of the documents . . . so that the respondents will not be deprived of all of their books and records at the same time." The court found that it could not say "that any of the documents or things called for in any of the subpoenas are immaterial or irrelevant to the proceedings before the Board . . ." without an examination of each of the items ordered produced. The Court of Appeals reversed, establishing certain procedural requirements the Board must follow before an enforcement proceeding is in order. 237 F. 2d 359.

As we read the order of the District Court, it duly enforced the Board's right to call for documents relevant to the issues of the Board's complaint, with appropriate provisions for assuring the minimum interference with the conduct of the business of respondents. The judg-

ment of the Court of Appeals is reversed and the cause is remanded to the District Court with instructions to reinstate its enforcement order of May 16, 1955. See § 1004 (b), Civil Aeronautics Act of 1938, 52 Stat. 1021, as amended, 49 U. S. C. § 644 (b); *Brown* v. *United States,* 276 U. S. 134, 142–143 (1928); *Oklahoma Press Pub. Co.* v. *Walling,* 327 U. S. 186 (1946); *Endicott Johnson Corp.* v. *Perkins,* 317 U. S. 501, 509 (1943). Of course this enforcement order leaves open to the respondents ample opportunities for objecting, on relevant grounds, to the admissibility into evidence of any particular document.

*It is so ordered.*