**FEDERAL TRADE COMMISSION**

v.

**STANDARD AMERICAN, INC., Standard American Construction Company, Inc., Mansville Construction, Inc., Val Worth Enterprises, Inc., and Wolf, Dorleg and Wolf, Inc.**

Misc. No. 2281.

United States District Court
E. D. Pennsylvania.

July 21, 1961.

Alan B. Hobbes, Asst. Gen. Counsel, Federal Trade Commission, by Alvin L. Berman, Washington, D. C., for petitioner.

Fox, Rothschild, O'Brien & Frankel, by Nathan L. Posner and Donald Brown, Philadelphia, Pa., for respondents.

WOOD, District Judge.

This is a summary proceeding in which the Federal Trade Commission is applying for an order of this Court to compel the above five corporate entities and their duly authorized representatives to appear, testify and produce documentary evidence in an ex parte investigation being conducted by the Commission. The Commission has attempted to determine whether or not there has been a violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C.A. § 45, pursuant to the authority vested in it under Sections 3, 5, 6 and 9 of the aforesaid Act, 15 U.S.C.A. §§ 43, 45, 46, 49. Section 9 vests to this Court the authority to compel obedience to proper orders of the Commission.

We have carefully examined the entire record, including the notes of testimony taken at hearings involving the five corporate respondents, and have considered the briefs and arguments of the litigants. The record is replete with charges and countercharges of harassment and avoidance on the part of the representatives of the Commission on the one hand and the respondents and their counsel on the other. It would serve no useful purpose to review that since, as we view the matter, the issue is a narrow one. In fact, counsel for respondents stated in Court and reaffirms in his brief the basic proposition that the Federal Trade Commission has the authority to subpoena business records and to compel his clients to produce them before an officer of the Commission. He further states that, "Any time the Federal Trade Commission wants a copy of these records I will give them every assistance available" and "Any time that the Federal Trade Commission wants to make any investigation at our place of business it is open to them * * *" He strenuously argues, however, that once he has produced the records before the Examiner he has fulfilled the requirements of the Act. He denies the right of the Commission to retain the corporate records for the purpose of making copies and most particularly, their right to remove them from Philadelphia to Washington, D. C. for examination and appraisal.

The basic issue here, therefore, is whether Section 9 of the Federal Trade Commission Act gives the Commission the authority and power to subpoena the records and having subpoenaed them, take them into their custody for investigatory purposes either in the City of Philadelphia where the respondents' place of business is located, or remove them physically to Washington, D. C.

Section 9 of the Act provides two methods of conducting investigations: (1) " * * * the commission * * * shall * * * have access to, for the purpose of examination, and the right to copy any documentary evidence of any corporation being investigated or proceeded against" and (2) " * * * shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation." Obviously, the Act anticipates the testimony of witnesses and the production of the documentary evidence. In the case before us the Commission proceeded under the latter provision. The rules of the Commission also provide (§ 1.34(b)) 15 U.S.C.A. following section 45:

"Investigational hearings may be held * * * for the purpose of hearing the testimony of witnesses and receiving documents and other

data relating to any subject under investigation * * * "

and further provide that "Any person required * * * to submit documentary evidence shall be entitled to retain or, on payment of lawfully prescribed cost, procure a copy of any document produced by such person * * * " The subpoena involved in this case authorized the production of copies in lieu of originals. We have examined the cases cited by the Commission and those cited by the respondents in their brief. We are unable to determine any clear rationale or standard which meets this precise situation, but the underlying principle is one of "reasonableness." While the Act does not specifically authorize the agents of the Commission to take into custody the documents for reproduction, examination or appraisal, nor does it specifically say that they may remove them from the place of production to some other locale, nevertheless, it would seem to us that the very purpose of the Act would be thwarted if some reasonable method of examination was not available to the Commission. On the other hand, it is perfectly obvious to us that on the slightest provocation the Commission could disrupt and disorganize a business under investigation by taking out of its control and possession the documents which it requires in its daily business operations.

In the light of these conclusions we have examined and re-examined the entire record and are totally unable to determine from it that the business corporations herein involved would in the slightest degree be hindered in their normal operations by the production and turning over of the various documents contained in the specifications attached to the subpoenas. As a matter of fact, it appears throughout the testimony adduced at the hearing before the Examiner that a great many of the documents which were requested were either not available, were not used in their business, or were of no important probative value. We will accordingly enter an Order, but point out that if it is brought to the attention of the Court that any serious hindrance to respondents' business will be caused by adherence to the provisions of the Order, we will reconsider it as to those specific instances.

We make reference to one other matter. Standard American Construction Company, Inc. did not appear in response to the subpoena served upon it. The proof is so clear and unequivocal that this corporation has been doing business at the address of service and that the service of the subpoena as made by the representatives of the Commission was proper that we will not comment further upon it. Suffice it to say, the Order which we are about to enter will apply equally to all of the five corporate respondents and that while Standard American Construction Company, Inc. did not appear in answer to the subpoena, its failure to abide by the terms of this Order will be the subject of further action by the Court.

### Order

And now, to wit, this 21st day of July, 1961, Standard American Inc., Standard American Construction Company, Inc., Mansville Construction, Inc., Val Worth Enterprises, Inc., and Wolf, Dorleg and Wolf, Inc., are each Ordered to produce the documentary evidence requested in the subpoena duces tecum before an Examiner or other authorized representative of the Federal Trade Commission within thirty (30) days from this date at a time and place to be fixed by the Commission.

Upon production, the Commission may take into their custody copies or originals of the documents subpoenaed and remove the same to Washington, D. C. for a period not in excess of thirty (30) days, after which they shall be immediately returned to the respondents unless application upon good cause shown is made to the Court.

It Is Further Ordered And Decreed that the respondents, by their duly authorized representatives, shall appear and testify to any matters not covered by the testimony heretofore taken within thirty (30) days from this date at such time and

place in the City of Philadelphia as may be fixed by the duly authorized representatives of the Commission to determine whether or not the corporate respondents are involved in acts or practices in a manner which violates Section 5 of the Federal Trade Commission Act.