306 F.2d 231
 FEDERAL TRADE COMMISSION,
v.
STANDARD AMERICAN, INC., Standard American Construction Co.,
Inc., Mansville Construction, Inc., Val Worth Enterprises,
Inc., and Wolf, Dorleg and Wolf, Inc., Standard American,
Inc., Mansville Construction, Inc., Val Worth Enterprises,
Inc., Wolf, Dorleg and Wolf, Inc., Appellants.
 No. 13763.
 United States Court of Appeals Third Circuit.
 Argued Feb. 23, 1962.
Decided July 3, 1962.
 
 Nathan L. Posner, Philadelphia, Pa. (Donald Brown, Nathan L. Posner, Philadelphia, Pa., on the brief), Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for appellants.
 Alvin L. Berman, Washington, D.C. (James McI. Henderson, Gen. Counsel, J. B. Truly, Asst. Gen. Counsel, Federal Trade Commission, Washington, D.C., on the brief), for appellee.
 Before GOODRICH, KALODNER and GANEY, Circuit Judges.
 KALODNER, Circuit Judge.
 
 
 1
 Did the District Court err (1) in ordering appellants, respondents below, to produce documentary evidence, originals or copies, within 30 days at a time and place to be fixed by the Federal Trade Commission; (2) in authorizing the Commission to take into custody the evidence produced and to remove it to Washington, D.C. for a period not to exceed 30 days; and (3) in failing, in its Order, to require that the production of documents be to, and before, a member of the Commissionor one of its Hearing Examiners?
 
 
 2
 There issues are presented on this appeal by the four appellants from the District Court's Order entered following a hearing on a rule to show cause, pursuant to the Commission's Application[1] for enforcement of its subpoenas requiring appellants to give testimony and produce documentary evidence in an investigation being conducted by the Commission. In its Application, the Commission alleged that the appellants had failed and refused to comply with the subpoenas.
 
 
 3
 In its Memorandum and Order[2] the District Court stated '* * * we have examined and re-examined the entire record and are totally unable to determine from it that the business corporations herein involved would in the slightest degree be hindered in their normal operations by the production and turning over of the various documents contained in the specifications attached to the subpoenas.'
 
 
 4
 Appellants do not challenge the relevance of the records involved to the Commission's investigation although they dispute the District Court's finding that they would not be hindered in the normal operations of their business by turning over the records to the Commission. On this score it must be noted that the District Court, in its Memorandum Opinion, stated that 'if it is brought to the attention of the Court that any serious hindrance to respondents' business will be caused by adherence to the provisions of the Order, we will reconsider it as to those specific instances.' Further, the Commission's subpoenas specifically provided that copies of appellants' records could be produced in lieu of original records.
 
 
 5
 Pertinent to our disposition of the instant appeal are these facts as evidenced by the record:
 
 
 6
 Appellants[3] Standard American, Inc. ('Standard') and Mansville Construction, Inc. ('Mansville') are engaged in the sale of home improvement fixtures, equipment and supplies and their installation; appellant Val Worth Enterprises, Inc. ('Val Worth') prepares scripts for and produces television commercials for Standard and Mansville, and appellant Wolf, Dorleg and Wolf, Inc. ('Wolf') buys time from TV stations for these commercials.
 
 
 7
 The appellants have interlocking officers and directors; Sam Leonard is president of Standard and Mansville and an officer and director of Val Worth and Wolf; Samuel Moskowitz is secretary and treasurer of Standard and Mansville and an officer and director of Val Worth and Wolf;[4] Abrahma B. Wolf is president of Val Worth and Wolf; vice-president, office manager and accountant of Standard and Mansville.
 
 
 8
 On January 5, 1961, the Commission, in the course of an ex parte administrative investigation to determine whther appellants, among others, 'in connection with the sale and offering for sale of home improvement fixtures, equipment and supplies and the installation thereof are engaging in false and misleading advertising or other deceptive acts or practices in a manner violative of Section 5 of the Federal Trade Commission Act',[5] served subpoenas upon appellants requiring them to appear at the United States Court House in Philadelphia, Pennsylvania, before one Eugene R. Baker, a designated attorney-examiner of the Commission, and to testify and produce specified documentary evidence. The documents subpoenaed were limited to the calendar year 1960. The appearance of each appellant was scheduled in the subpoenas for stated hours on January 23-24-25, 1961.
 
 
 9
 Appellants, in response to the subpoena, appeared through Leonard and Wolf. The record establishes that they failed to produce numerous records specified in the subpoenas and that their oral testimony was so evasive at times that it bordered on sham and evidenced a transparent attempt to conceal the truth.[6] Moreover, with respect to such records as were produced appellants refused to permit the Commission's attorney-examiner to retain them for the purpose of making copies or inspection and analysis. They in particular challenged the right of the Commission to transport the records to Washington so that they might be photostated and studied. Appellants while on the witness stand, and their counsel, throughout the course of the hearings before the Commissioner's examiner, demonstrated an attitude of hostility and a defiance bordering on contempt of the investigative process.
 
 
 10
 The issues as to whether the District Court erred (1) in ordering appellants to produce documentary evidence, originals or copies, within 30 days at a time and place to be fixed by the Commission, and (2) in authorizing the Commission to take into custody the evidence produced and to remove it to Washington for a period not to exceed 30 days, will be considered together as they are controlled by the provisions of Section 9 of the Act and well-settled principles.
 
 
 11
 Section 9 authorizes the Commission's use of subpoenas for the 'production of * * * documentary evidence * * * from any place in the United States, at any designated place of hearing.'
 
 
 12
 The Courts have time and again held that the Commission may exercise its 'broad power of investigation and subpoena, prior to the filing of a complaint';[7] the Commission, as an administrative agency of the United States 'charged with seeing' that the Act is enforced, 'has a power of inquisition'; it is 'more analogous to the Grand Jury, which does not depend on a case or controversy for power to get evidence but can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not';[8] it is sufficient if the investigation is within the Commission's authority and unless the evidence sought by the subpoenas is clearly irrrelevant and immaterial it is the duty of the district court to order compliance;[9] and subpoenaed documents may be retained by the Commission for a reasonable length of time.[10]
 
 
 13
 Although appellants urged in the District Court, as they do here, that the Commission's subpoenas are burdensome and oppressive and that the compliance ordered will deprive them of 'thousands of current records in daily business use' and result in 'what is tantamount to the virtual destruction of a successful business' they did not adduce a single shred of evidence in the District Court to support their assertions.
 
 
 14
 It is settled that if appellants wanted the District Court to make 'appropriate provisions for assuring the minimum interference with the conduct of (their) business',[11] they should have met their burden of a showing the unreasonableness of the Commission's demand,[12] and should have 'made a record that would convince (the District Court) of the measure of their grievance rather than ask (it) to assume it.'[13] Anent the foregoing, as earlier stated in this opinion, the District Court specified in its Order that appellants could bring to its attention 'any serious hindrance' to their business by adherence to its provisions. The specification referred to renders de minimis appellants' point with respect to the removal of the subpoenaed records to Washington especially in the light of the fact that the subpoenas were directed only at records of appellants' operations for the year 1960, and the Order directing compliance was issued July 21, 1961 by which time the records could scarcely be called 'current' and 'in daily business use' as appellants assert. Certainly, under the factual situation which prevailed here, we find no error in the Order directing appellants to produce the documentary evidence, as called for in the Commission's subpoenas, within 30 days at a time and place to be fixed by the Commission and in authorizing the evidence so produced to be removed to Washington for a period not to exceed 30 days.
 
 
 15
 There remains for disposition[14] appellants' remaining contention that the District Court erred in failing, in its Order to require that the production of documents be to, and before, a member of the Commission or one of its Hearing Examiners.
 
 
 16
 The contention stated is utterly without merit. The cases cited in the margin are dispositive.[15] They squarly hold that in an investigational hearing such as is here involved there is no requirement that subpoenas be made returnable to the Commission or a Hearing Examiner and that they may be made returnable to an attorney-examiner as in the instant proceeding.
 
 
 17
 For the reasons stated the Order of the District Court will be affirmed.
 
 
 18
 Judge Goodrich participated in the consideration of this case but died prior to the filing of this opinion.
 
 
 
 [1]
 The Commission's Application to the District Court was pursuant to provisions of Section 9 of the Federal Trade Commission Act (38 Stat. 722; 15 U.S.C.A. 49) which read as follows:
 'That for the purposes of this Act the commission, or its duly authorized agent or agents, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence of any corporation being investigated or proceeded against; and the commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation. Any member of the commission may sign subpoenas, and members and examiners of the commission may administer oaths and affirmations, examine witnesses, and receive evidence.
 'Such attendance of witnesses, and the production of such documentary evidence, may be required from any place in the United States, at any designated place of hearing. And in case of disobedience to a subpoena the commission may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of docusmentary evidence.
 'Any of the district courts of the United States within the jurisdiction of which such inquiry is carried on may, in case of contumacy or refusal to obey a subpoena issued to any corporation or other person, issue an order requiring such corporation or other person to appear before the commission, or to produce documentary evidence if so ordered, or to give evidence touching the matter in question; and any failure to obey such order of the court may be punished by such court as a contempt thereof.'
 
 
 [2]
 Reported at 195 F.Supp. 801 (E.D.Pa.1961)
 
 
 [3]
 Standard American Construction Company, Inc. was a party to the proceedings below and was included in the District Court's Order, but it has not joined in the instant appeal
 
 
 [4]
 Standard and Mansville have a common general manager and common employees
 
 
 [5]
 Section 5(a)(1) of the Federal Trade Commission Act (66 Stat. 632; 15 U.S.C.A. 45(a)(1)) provides:
 'Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful.'
 By Section 5(a)(6) of the Act (66 Stat. 632; 15 U.S.C.A. 45(a)(6)), the Commission is
 '* * * empowered and directed to prevent persons, partnerships, or corporations * * * from using unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce.'
 
 
 [6]
 Wolf, although president of both Val Worth and Wolf at first 'didn't know' whether Wolf acted for Val Worth in the buying of TV time for commercials prepared by Val Worth and later flatly stated that it did not do so. Records of billings of TV Station WFIL of Philadelphia, Pennsylvania, produced by the Commission, established that Wolf acted as agent for Val Worth in buying the time for commercial sponsored by Val Worth
 
 
 [7]
 Automatic Canteen Company of America v. Federal Trade Commission, 346 U.S. 61, 79, 73 S.Ct. 1017, 97 L.Ed. 1454 (1953); Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 201, 66 S.Ct. 494, 90 L.Ed. 614 (1946)
 
 
 [8]
 United States v. Morton Salt Co., 338 U.S. 632, 642-643, 70 S.Ct. 357, 94 L.Ed. 401 (1950); Oklahoma Press Publishing Co. v. Walling, supra note 7
 
 
 [9]
 Civil Aeronautics Board v. Hermann, 353 U.S. 322, 77 S.Ct. 804, 1 L.Ed.2d 852 (1957); Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 509, 63 S.Ct. 339, 87 L.Ed. 424 (1943)
 
 
 [10]
 See Federal Trade Commission v. Hallmark, Inc., 265 F.2d 433, 439 (7 Cir. 1959); National Labor Relations Board v. Kingston Trap Rock Co., 222 F.2d 289, 302 (3 Cir. 1955); McGarry v. Securities and Exchange Commission, 147 F.2d 389, 393 (10 Cir. 1945)
 
 
 [11]
 Civil Aeronautics Board v. Hermann, supra, note 9, 353 U.S. at page 323, 77 S.Ct. at page 805
 
 
 [12]
 Oklahoma Press Publishing Co. v. Walling, supra, note 7, 327 U.S. at pages 217-218, 66 S.Ct. at pages 509-510
 
 
 [13]
 United States v. Morton Salt Co., supra, note 8, 338 U.S. at page 654, 70 S.Ct. at page 369
 
 
 [14]
 Hannah v. Larche, 363 U.S. 420, 446, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960) makes unnecessary discussion of appellants' point on the 'constitutionality' of the Commission's investigation here. It was there held that 'We have found no authorities suggesting that the rules governing Federal Trade Commission investigations violate the Constitution * * *.'
 
 
 [15]
 Federal Trade Commission v. Hallmark, Inc., supra note 10, 165 F.2d at pages 437-438; Federal Trade Commission v. Walthan Watch Co., 169 F.Supp. 614, 617-619 (S.D.N.Y.1959); Federal Trade Commission v. Schientific Living, Inc., 150 F.Supp. 495, 501-503 (M.D.Pa.1957), appeal dismissed (3 Cir. August 12, 1957, unreported), cert. den. 355 U.S. 940, 78 S.Ct. 429, 2 L.Ed.2d 421