**MOORE BUSINESS FORMS, INC.,**
Appellant,

v.

**FEDERAL TRADE COMMISSION,**
Appellee.

No. 16730.

United States Court of Appeals District of Columbia Circuit.

Argued June 20, 1962.

Decided July 12, 1962.

Mr. Milton J. Handler, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Ephraim Jacobs, Washington, D. C., was on the brief, for appellant.

Mr. Charles C. Moore, Jr., Atty., Federal Trade Commission, with whom Messrs. James McI. Henderson, Gen. Counsel, and Frederick H. Mayer, Atty., Federal Trade Commission, were on the brief, for appellee.

Before DANAHER, BASTIAN and WRIGHT, Circuit Judges.

PER CURIAM.

This is an appeal from orders of the District Court directing appellant, Moore Business Forms, Inc., to comply with the demands of a subpoena duces tecum issued by the Federal Trade Commission pursuant to § 9 of the Federal Trade Commission Act, 38 Stat. 722, 15 U.S. C.A. § 49.

On March 13, 1958, the Commission issued a complaint charging appellant with violating § 2(a) of the Clayton Act, as amended by the Robinson-Patman Act, 49 Stat. 1526, 15 U.S.C.A. § 13(a), by discriminating in price "between different purchasers of its business forms products of like grade and quality." Hearings in connection with this complaint were held over a period of time and, in November 1960, the instant subpoena was issued. Appellant immediately moved to quash the subpoena and the Hearing Examiner grant-

ed the motion in part. On appeal by counsel supporting the complaint, the Commission reversed the ruling of the Hearing Examiner and restored the subpoena in its entirety. Thereafter, appellant complied with the subpoena except as to its Specifications 6 and 7, which specifications sought documents showing the sum total of the price concessions granted to customers by appellant on its aggregate sales of business forms. Appellant refused to produce this information on the ground that it was irrelevant. The Commission thereupon applied to the District Court for an order requiring appellant to testify and produce the documents specified. After hearing arguments but without making specific findings of fact and conclusions of law, and without filing an opinion, the District Court entered an order granting the Commission's application and a further order directing appellant to comply with the subpoena. This appeal followed.

Appellant is engaged in the business of manufacturing and selling business forms. To make a case against appellant under its complaint, the Commission must show, among other matters, that appellant discriminated among its customers in pricing and selling its business forms of like grade and quality. It is appellant's position that the information sought by the subpoena is irrelevant to a determination of this issue. Appellant's argument reduces itself to this: That the information requested is information showing the total amount of price concessions given by appellant in connection with the aggregate sales of all of its business forms; that business forms are not fungible; and that not all of its forms are of like grade and quality. Therefore, it is contended, the requested information would be meaningless to a showing of discrimination in price as to forms of like grade and quality.

Counsel has ably briefed and argued appellant's case. However, we are of the opinion that the orders of the District Court must be affirmed.

This matter is still pending at the administrative level. Since the Commission has not as yet ruled on the question as to whether or not all of appellant's forms are of like grade and quality, we do not think we should anticipate the Commission's determination by passing on that question here. Accordingly, when we place the instant subpoena alongside the Commission's complaint, we cannot say that the requested information is plainly irrelevant to the charges contained in the complaint. Civil Aeronautics Board v. Hermann, 353 U.S. 322, 77 S.Ct. 804, 1 L.Ed.2d 852 (1957), reversing per curiam, 237 F.2d 359 (9th Cir. 1956); Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424 (1943).

Affirmed.

DANAHER, Circuit Judge (concurring).

I think the opinion correctly asserts that when the challenged subpoena is ranged with the complaint we "can not" say that information as to price concessions is plainly irrelevant to the charge set forth in Paragraph Five of the complaint. The uncontroverted affidavit of counsel for the appellant makes a strong case for possible oppression and hardship.[1] It is my understanding that in response to questions from the bench during argument Commission counsel took the position that it would not insist upon detailed compliance with subpoena specifications 6 and 7, here challenged. Rather, Commission counsel stated, as I understood him, that the Commission would be willing to accept appellant's records in the form in which they heretofore have been kept. The Commission, in short, has no desire to be unreasonable. I think that is a proper attitude, no more than should be expected from an agency possessed of such vast powers in this field as have been

---

1. Cf. Hunt Foods and Industries, Inc. v. F. T. C., 286 F.2d 803, 810 (9 Cir. 1960), cert. denied, 365 U.S. 877, 81 S.Ct. 1027, 6 L.Ed.2d 190 (1961).

190

# 190

reposed in the Federal Trade Commission.

Since we do not have findings by the District Judge, we "can not" assume that he expected anything less than full compliance with the exact terms of the specifications. I would not give the order such sweep but I vote to affirm on the ground that compliance with specifications 6 and 7 will be deemed adequate if the appellant supplies the required information in the form in which it has been kept in appellant's records.

