UNITED STATES of America and Mortimer M. Caplin, Commissioner of Internal Revenue, Petitioners,

v.

Charles B. CAREY, Respondent.

Misc. No. 20.

United States District Court
D. Delaware.

May 21, 1963.

Alexander Greenfeld, U. S. Atty., Wilmington, Del., for petitioners.

Aubrey B. Lank and Daniel F. Kelleher, of Theisen & Lank, Wilmington, Del., for respondent.

WRIGHT, Chief Judge.

This is an action brought by petitioners to enforce compliance with two subpoenas directed to respondent, Charles B. Carey, to produce certain records and books in his possession relating to the income tax returns of Robert Cooper Moor, Sr., Betty R. Moor, and J. Roland Heldmeyer trading as Eastern Shore Amusement Co.[1] In 1960 the Internal Revenue Service initiated investigation of the tax liability of the Moors and Eastern Shore. Revenue agents frequently asked Carey the accountant for the individuals under investigation, to produce certain records relevant to the inquiry. All books, papers and records relating to tax liability for the years 1957, 1958, 1959 and 1960 have

1. At the hearing, an oral motion to intervene on behalf of the taxpayers was granted.

been turned over without objection. On January 22, 1963, two subpoenas calling for the production of papers and records relating to the years 1954–56 were issued.[2] Respondent refused to comply with the subpoenas. His reasons were that "no probable cause was shown by the Internal Revenue Service * * * and that the statute of limitations [3] for the years 1954, 1955 and 1956 had in fact expired before January 22, 1963." The United States has petitioned to enforce the process in all respects.[4]

Under Section 7602 of the Internal Revenue Code the Secretary or his delegate is authorized "[f]or the purpose of ascertaining the correctness of any return * * * [t]o examine any books, papers, records, or other data which may be relevant or material to such inquiry * * *." The only substantive, statutory restriction on this power of investigation is Section 7605(b). The latter provides that "[n]o taxpayer shall be subjected to unnecessary examination or investigations * * *." This interdiction must be delimited.

Respondent has invoked 7605(b) to justify his refusal to comply with the subpoenas. It is his position that the Section, under the facts at bar, requires the government to make an additional showing beside the routine one made before any exercise of the investigative power.[5] Because the statute of limitations bars additional assessment for the years 1954–56 unless fraud is shown,[6] respondent argues that the United States must make a showing of probable cause on the fraud issue as a condition precedent to enforcement of the subpoenas. Absent a showing of probable cause the

2. Specifically, the summonses called for the following:

"All books, records, memoranda, papers and other data having a bearing upon the income and expenses of the partnership known as Eastern Shore Amusement Company for the years 1954 to 1960, inclusive, and specifically, but not limited to, the following:

"(1) All cancelled checks, bank statements, and deposit slips.

"(2) Cash receipts and disbursement journals, general ledgers, inventory records, route sheets, and records of the purchase, sale and identification of coin operated amusement machines, coin operated vending machines, and coin operated gambling devices.

"(3) Partnership agreements.

"(4) Records of all other assets and liabilities."

* * *

"All books, records, memoranda, paper, and other data having a bearing upon the income tax liability of Robert Cooper Moor, Sr., and Betty R. Moor for the years 1954 to 1960, inclusive, and specifically the following but not limited thereto:

"(1) All cancelled checks of any checking accounts bearing the names of either of the above-named taxpayers.

"(2) All deposit slips and bank statements of any checking and saving accounts bearing the names of either of the above-named taxpayers.

"(3) All records of loans and repayment of loans by either of the above-named taxpayers.

"(4) All records of loans made by the above-named taxpayers to other persons or entities and records of repayment of loans by other persons or entities to the above-named taxpayers.

"(5) All records of other assets and liabilities."

3. See 26 U.S.C.A. § 6501 (1954) which provides that assessment must be made within 3 years after the return is filed. However, in the case of a false or fraudulent return with the intent to evade the tax assessment may be made at any time. 26 U.S.C.A. § 6501(c) (1).

4. Under 26 U.S.C.A. § 7604(a) (1954) jurisdiction is clear. Previously, a rule was entered directing respondent to show cause why he should not comply with the summonses. A hearing was held pursuant to the order.

5. The criteria for judicial enforcement of all subpoenas issued by administrative agencies is whether the requested documents are material and relevant. See Civil Aeronautics Bd. v. Hermann, 353 U.S. 322, 77 S.Ct. 804, 1 L.Ed.2d 852 (1957); United States v. Morton Salt Co., 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950).

6. See note 3, supra.

investigation is unnecessary and hence proscribed. The United States asserts that the investigation is necessary as long as an agent states by affidavit that he has reasonable suspicion of fraud. Any other rule would be so onerous as to preclude efficacious investigation, and therefore the government concludes that the rule it propounds is essential to the efficient collection of the revenues.

A number of circuits have expressed views on the problem raised in the instant case.[7] In De Masters v. Arend [8] the Ninth Circuit detailed the precedent in this way:

"The Court of Appeals for the First Circuit has most nearly approached a requirement that 'probable cause' in the Fourth Amendment sense be shown (O'Connor v. O'Connell, 253 F.2d 365, 369–370 (1958); Lash v. Nighosian, 273 F.2d 185, 188–189 (1959)), and in so doing expressly disagrees with holdings of * * the Second and Fifth Circuits (253 F.2d at 370). However, the Court views the issue as one of fact as to which the Commissioner's determination is binding if supported 'by witnesses whose testimony, although contradicted, was not so incredible as to be beyond reasonable belief' (273 F.2d at 189). The Court of Appeals for the Second Circuit appeared to adopt the rule that no showing need be made as to possible fraud: * * * (United States v. United Distillers Prods. Corp., 156 F.2d 872, 874 (1946)); 'The Commissioner is therefore entitled to the examination if it may shed light on whether a liability still exists or whether it has been time-barred * * * the Commissioner * * * should not be required to prove grounds for belief that the liability was not time-barred' (Foster v.

United States, 265 F.2d 183, 187 (1959)). * * * The Court of Appeals for the Fifth Circuit is usually cited as requiring no showing of facts justifying a suspicion of fraud on the basis of its cryptic opinion in Globe Constr. Co. v. Humphrey, 229 F.2d 148 (1956). * * * The Sixth Circuit has held that an agent's testimony that he had concluded from his investigation that there was a strong suspicion of fraud was sufficient, * * * Peoples Deposit Bank & Trust Co. v. United States, 212 F.2d 86, 87 (1954). In Corbin Deposit Bank v. United States, 244 F.2d 177 (1957), the Court said, '[p]robable cause * * * was established by the testimony of an internal revenue agent who enumerated facts showing reasonable grounds for a suspicion of fraud,' and the District Court properly excluded 'evidence for the purpose of proving that the taxpayers in fact had filed honest returns.' Finally, in Eberhart v. Broadrock Dev. Corp., 296 F.2d 685, 687 (1961), the Court stated, 'there was at least an inference that fraud extended into some of the previous years. In our judgment, this was sufficient to authorize the examinations.' * *."

Despite having had the benefit of this large body of precedent the Ninth Circuit went on to develop its own principle. In its opinion the limitation imposed by the word, "unnecessary", was essentially the same as that which precluded judicial enforcement of administrative subpoenas.[9] If the agent did not act arbitrarily or beyond his statutory authority the process would be judicially enforced. Thus, if the Commission put forth a purpose that was barred from accomplishment the proposed investigation would be unnecessary. But, "if it appeared that

7. Unfortunately, the Court of Appeals for the Third Circuit had not spoken on the interpretation of Section 7605(b). The United States asserts that the spirit of Zimmermann v. Wilson, 105 F.2d 583 (3 Cir. 1939) controls here. However, that

case dealt with the scope of the Fourth Amendment protection against unreasonable search and seizure.

8. 313 F.2d 79 (9 Cir. 1963).

9. 313 F.2d at 89–90.

the decision to investigate \* \* \* was in fact reached as a matter of rational judgment based on the circumstances of the particular case," [10] Section 7605(b) would not apply.

■ Basically, the divergent authorities have one principle in common—the question of whether an investigation is unnecessary is one of fact.[11] All relevant evidence should be considered and answers should be reached by reference to the circumstances of the particular case.[12] Thus, when a taxpayer asserts that the expiration of the statute of limitations renders an investigation unnecessary, by analogy it might be said that he has met his burden of coming forward. It then devolves upon the government to come forward in rebuttal, by affidavit or otherwise, with evidence tending to prove the investigation is necessary.[13]

Concluding the issue is one of fact does not, of course, determine the legal standard to be applied. If the question were to go to the jury, the Court would have to charge them on the legal interpretation of the concept. Unfortunately, the legislative history is scant on the meaning of unnecessary investigation.[14] Nevertheless, the court must attempt to effectuate the basic policies of Congress in the general area. There is a very strong congressional interest in the efficient collection of revenues and, concomitantly, in favor of the exposure and penalization of fraud affecting tax liabilities. On the other side of the scale are the congressional policies in favor of protecting the taxpayer from harassment and in seeing that issues are settled with finality.

■ Unnecessary means needless, useless or not required under the circumstances.[15] The limitations imposed on the Internal Revenue Service by interpreting unnecessary investigation to mean a useless or needless investigation effectuates the policies of Congress. It is a general standard, not unlike the reasonable man in the negligence area, and therefore will be flexible and adaptable to changing conditions. The Internal Revenue Service will be afforded a wide latitude but at the same time the taxpayer will be protected from harassment. Congress having used a term, it is difficult to presume that it was intended to have other than its accepted meaning. As Mr. Justice Douglas once observed, "[w]hatever the reason, words mean what they say." [16]

■ The only rebuttal evidence the government submitted was an affidavit basically alleging that the agent had a reasonable suspicion that the Moors filed false and fraudulent returns in the years 1954–56. This is insufficient evidence to prove that the government investigation is not unnecessary. In this posture the ordinary procedure would be to dismiss the petition. Other facets of the case, however, demand a slightly different disposition.

Section 7605(b) provides that *no taxpayer* shall be subjected to unnecessary investigation. Investigation of third parties is not expressly interdicted. Arguably, an account's papers or a corporation's books are not protected and since the subpoenas are directed to Carey, the accountant for the taxpayers, perhaps the government is entitled to enforcement in all respects.[17] This issue need

---

10. 313 F.2d Id. at 90.

11. See, e. g., De Masters v. Arend, supra; Lash v. Nighosian, supra; Eberhart v. Broadrock Dev. Corp., supra.

12. Whether the statute of limitations has run, the purpose of the investigation (see O'Connor v. O'Connell, supra), and the factual evidence on the presence of fraud would be some of the pertinent facts.

13. The quantum of evidence the government must put in will have to be defined in a case by case approach.

14. 313 F.2d at 87.

15. See Webster's Dictionary.

16. Singer v. United States, 323 U.S. 338, 346, 65 S.Ct. 282, 286, 89 L.Ed. 285 (1945).

17. See Application of Magnus, 299 F.2d 335 (2 Cir. 1962).

not be decided. The record has not been adequately developed; neither party introduced complete evidence showing exactly what papers were involved.[18] The issue of who has standing to raise the Section 7605(b) protection and to whom the protection extends is not in the sharp focus needed for decision. Therefore, the petition will be dismissed without prejudice.

Submit order.

18. At the hearing, the United States Attorney stated that he thought only the taxpayers' books were sought after. Respondent's attorney did not assent to that proposition and therefore no oral stipulation was reached. At any rate, the summonses and the agent's affidavit indicate that more than the taxpayers' books are called for.