**CIVIL AERONAUTICS BOARD,**
Plaintiff,

v.

**UNITED AIRLINES, INC.,**
Defendant.

**No. 75 C 1216.**

United States District Court,
N. D. Illinois, E. D.

Sept. 5, 1975.

Samuel Skinner, U. S. Atty., Alexander Kerr, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

H. Templeton Brown, Mayer, Brown & Platt, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This matter is before the Court on the cross motions of the plaintiff, Civil Aeronautics Board (CAB) and the defendant, United Airlines, Inc. (United), for summary judgment. For the reasons set forth below, the CAB's motion is denied, United's is granted and the case will be dismissed.

This is an action by the CAB, brought under 49 U.S.C. § 1487 and 28 U.S.C. § 1345, for injunctive relief. The CAB, pursuant to 49 U.S.C. § 1377(e) and Part 204 of the Economic Regulations of the CAB (§ 407(e))[1] 14 C.F.R. § 240.2,[2] seeks to inspect certain documents kept by United. United has refused the requested inspection. After this action was filed, the parties entered into an agreement preserving the records until this Court's decision. The parties have also entered into a factual stipulation[3] upon which the instant motions are based. This opinion shall constitute the Court's findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).

The basic, uncontroverted facts are relatively simple. In April 1975, CAB inspectors, with proper credentials, went to United's executive offices and demanded access to United's files. After several encounters, which are not material here, United denied the inspectors access. The CAB then brought this action, originally *inter alia*, seeking "immediate and unconditional access to all lands, buildings and equipment of United, and accounts, memoranda, correspondence, records, reports and documents kept by United." This request was for all documents located on United's premises. This request, sought to be enforced by injunction, is now limited to the following:[4] (a) Documents—read-

---

1. 49 U.S.C. § 1377(e), as amended on January 3, 1975, provides:

 *"Inspection of property and accounts*

 "(e) The Board shall at all times have access to all lands, buildings, and equipment of any air carrier or foreign air carrier and to all accounts, records, and memorandums, including all documents, papers, and correspondence, now or hereafter existing, and kept or required to be kept by air carriers, foreign air carriers, or ticket agents and it may employ special agents or auditors, who shall have authority under the orders of the Board to inspect and examine any and all such lands, buildings, equipment, accounts, records, and memorandums. The provisions of this section shall apply, to the extent found by the Board to be reasonably necessary for the administration of this chapter, to persons having control over any air car-

rier, or affiliated with any air carrier within the meaning of section 5(8) of this title.

2. See Appendix A.

3. This stipulation is hereby incorporated by reference. Certain segments of the stipulation will be repeated here in the narrative form.

4. The CAB inspectors limited their request after their initial contact with United to those items mentioned *infra*. The parties are in some dispute as to whether the broad request is before the Court. The Court believes that it should not render an advisory opinion, see *Hayburn's Case*, 2 Dall. 409, 1 L.Ed. 436 (1796), as to the entire scope of the statute, but will decide the question before it, *i. e.*, whether the modified request should be complied with. See also *California Bankers Ass'n v. Shultz*, 416 U.S. 21, 94 S. Ct. 1494 at 1519, 39 L.Ed.2d 812 (1974).

ing files,[5] subject matter files,[6] expense reports,[7] and memoranda; (b) Departments or Offices—Finance and Planning, Law, External Affairs, Marketing, Chairman and Vice Chairman.

■ United makes several substantive contentions in opposition to the request for access. First, United contends that section 407(e) should be interpreted to permit inspection of only those documents kept pursuant to CAB regulations, reports United is required to make to the CAB and supporting or related documents. United further contends that the scope of documents which can be reviewed under § 407(e) does not include: (1) materials maintained by United relating solely to United's parent, subsidiary or affiliated corporations; (2) documents relating to United's officers' or employees' positions on boards of directors of unaffiliated corporations and those corporations' activities; (3) documents relating to employees' or officers' personal affairs; or (4) documents relating to national security.[8]

United next contends that if the interpretation of § 407(e) is as broad as claimed by the CAB, then § 407(e) and the demand pursuant to it constitute an unreasonable search in violation of the Fourth Amendment of the Constitution. United also contends that allowing complete access without reasons for the requests violates the due process clause of the Fifth Amendment in that proper notice is not provided. Finally, United contends that the attorney-client privilege protects certain documents from discovery.

The CAB, an agency of the United States, is charged, *inter alia*, with the regulation of foreign and domestic air transportation in the interests of the United States. It seeks to foster sound economic conditions in the industry and provide economical, efficient and adequate air transportation services. See 49 U.S.C. § 1302. The CAB, further, controls competition in the industry and provides companies engaged in air transportation with many economic benefits. See, *e. g., Hughes Tool Co. v. Trans World Airlines, Inc.*, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973). The CAB is authorized to fulfill its statutory obligations by requiring various records to be kept, by conducting audits and other procedures. See 49 U.S.C. §§ 1385, 1482(b).

United, a Delaware corporation, holds licenses issued by the CAB and is an authorized common carrier. It is also "the free world's largest airline." It operates in an insulated environment and receives benefits bestowed upon it by the government. See 49 U.S.C. §§ 1384, 1378, 1379, 1382. In exchange for these benefits, United has obligations, such as route and fee restrictions, and service requirements. See 49 U.S.C. §§ 1371, 1373, 1374. One other requirement is to keep certain books and records and to allow access to these. See 49 U.S.C. § 1377(a)–(d). The question involved is the extent of access to documents to be allowed.

The statute at issue here, 49 U.S.C. § 1377(e), provides that the CAB shall have access to the premises of carriers and "[to] all documents, papers, and correspondence, now or hereafter existing, and *kept or required to be kept* . . . ." (emphasis added). The CAB

---

5. Reading files consist of copies of all correspondence of whatever nature, arranged chronologically, generated by United's offices and departments.

6. Subject matter files consist of correspondence, memoranda, studies, reports and other materials dealing with specific matters.

7. United has agreed to provide these.

8. No mention is made in the briefs of this issue. The Court believes that if certain documents are to be protected for national security reasons, the agency of government to which those documents relate should so certify to the CAB and United and then the departments of government can resolve the issue. The privilege of national security to the extent it exists, see *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L. Ed.2d 1039 (1974), is the government's and United can only claim it as an agent or conduit for a governmental agency.

contends that this language allows them access to all papers on United's premises, and more particularly, to all papers within their modified request. United contends that this language must be read in light of the entire section of the statute that requires that certain types of records be kept and that documents related to them or utilized in developing them be made available. United's record keeping system does not segregate these required records; nor does United deny that the CAB should have access to these types of records.[9]

■ The Court believes that proper rules of construction require that the statute be read as a whole, and in that light, it is clear that the records or documents "kept or required to be kept" refers to documents in the specific categories of records the CAB requires and supporting documents. It seems unlikely that Congress would grant the CAB so important a right as a plenary power to search a company's files, albeit a highly regulated company, in a subparagraph of a section which requires that certain specified records be maintained. Nor does the legislative history of the statute reveal any such intent by Congress.

■ The CAB contends, however, that just such a purpose was evidenced by the recent amendments which include ticket agents and foreign carriers in the category of persons whose records were available. This contention does not adequately reflect Congress' purpose, which was, *inter alia*, to prevent special rebates or deals on ticket prices. This purpose was to be enforced by allowing for the cross-checking of records which were already required to be kept. See 1974 U.S.Code Cong. & Admin.News at, pp. 7466–67.

The CAB also contends that the decision in *CAB v. Blatz Airlines, Inc.*, Civ. No. 13821–61–5 (S.D.Cal.1962), supports its position. *Blatz* is inapposite, however, since the CAB in that case requested specific documents which were required by the CAB to be kept. *Blatz* did not involve a search through an entire file system.

*CAB v. Hermann*, 353 U.S. 322, 77 S. Ct. 804, 1 L.Ed.2d 852 (1957) does not provide solace for the CAB either. In *Hermann*, the Supreme Court enforced a subpoena for specific documents which were required for a lawful CAB investigation. The instant case therefore materially differs from the situation in *Hermann*.

Also, for certain violations formal investigations with subpoenas can be initiated. See 14 C.F.R. §§ 305 *et seq.* It would be difficult to impute to Congress an intent to provide a formal proceeding for investigation and then to allow the CAB to conduct a complete investigation in derogation of the requirements and protections afforded by the formal procedure. Such an inconsistency should not be lightly allowed.

An analogy can be drawn to the Interstate Commerce Act which allows the Interstate Commerce Commission to require and have access to certain documents. See 49 U.S.C. § 320(d) ("§ 20"). The District of Columbia Circuit Court of Appeals recently held that act provides no plenary right to search, but that the statute allows disclosure only of the records required to be kept or the supporting documents to those records. See *Burlington Northern, Inc. v. ICC*, 149 U.S.App.D.C. 176, 462 F.2d 280, *cert. denied*, 409 U.S. 891, 93 S.Ct. 120, 34 L.Ed.2d 148 (1972). In *Burlington*, the Court reviewed the history of § 20.

---

9. Not raised, or decided, here is the question of what records, or file system, Congress or the CAB might require, *e. g.*, a carrier's parent's or subsidiary's activities, officers' positions or other boards of directors or employees' personal affairs. See *California Bankers Ass'n v. Shultz*, 416 U.S. 21, 94 S.

Ct. 1494, 1517–20, 39 L.Ed.2d 812 (1974); *United States v. Morton's Salt Co.*, 338 U.S. 632, 651–52, 70 S.Ct. 357, 94 L.Ed. 401 (1950); *Cooper's Express, Inc. v. ICC*, 330 F.2d 338 (1st Cir. 1964); *cf. United States ex rel. Terraciano v. Montanye*, 493 F.2d 682 (2d Cir. 1974).

It noted that a right to inspect correspondence related to required records was found not to exist in an earlier version of § 20 by the Supreme Court in *United States v. Louisville & Nashville R. R.*, 236 U.S. 318, 35 S.Ct. 363, 59 L. Ed. 598 (1915). After *Louisville & Nashville*, Congress amended § 20 to include correspondence. The Court in *Burlington*, however, narrowly construed the amended § 20 to allow for inspection of only those documents and correspondence required to be kept or related thereto. In another case, the ICC admitted that it had no general right to search under § 20. See *Cooper's Express, Inc. v. ICC*, 330 F.2d 338, 340 (1st Cir. 1964). It should be noted that § 20 closely parallels the statute at issue here and that the ICC was a model for other transportation regulatory agencies.

 Finally, a court should not construe a statute in such a manner as to raise a serious constitutional issue. Agencies can require certain records to be kept and to be inspected without violating the Fourth Amendment. See, *e. g., United States v. Biswell*, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972); *Colonnade Catering Corp. v. United States*, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970); *United States v. Morton Salt Co., supra.* However, a serious constitutional question is raised as to an agency's right to inspect all documents in a company's possession. Compare *Biswell, supra; Colonnade, supra; Morton Salt, supra;* with *Camara v. Municipal Court*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967); *See v. City of Seattle*, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967); see also *FTC v. American Tobacco Co.*, 264 U.S. 298, 44 S.Ct. 336, 68 L.Ed. 696 (1924).

 For all of the above reasons, the Court believes it should interpret § 407(e) narrowly. Under 407(e), the CAB is only permitted access to documents required to be kept or those documents kept which relate to the required records. Therefore, the Court finds for United and will grant its motion.

In light of the result reached, it is unnecessary to consider the parties' contentions concerning the applicability or non-applicability of United's claims of privilege.

It is so ordered.

## APPENDIX A

14 C.F.R. § 240.1–2 provides:

AUTHORITY: The provisions of this Part 240 issued under secs. 204, 407, 701, 72 Stat. 743; 49 U.S.C. 1324, 1377, 1441.

### § 240.1 Interpretation.

(a) The first sentence of section 407(e) of the Federal Aviation Act of 1958 is construed as follows: "The Board itself, or through duly accredited special agents or auditors, shall at all times have access to all lands, buildings, records and memoranda, including all documents, papers, and correspondence, now or hereafter existing, and kept or required to be kept by air carriers; and any special agents or auditors employed for the purpose shall have authority, when so directed by the Board, to inspect and examine any and all such lands, buildings, equipment, accounts, records, and memoranda and to make such notes and copies thereof as he deems appropriate."

(b) The term "special agent" and "auditor" are construed to mean any employee of the Bureau of Enforcement and any other employee of the Board specifically designated by it or by the Director, Office of Facilities and Operations.

(c) The issuance in the form set forth below of an identification card and credentials to any such employee shall be construed to be an order and direction of the Board to such individual to in-

spect and examine the lands, buildings, equipment, accounts, records, and memoranda of air carriers in accordance with the terms of section 407(e).

UNITED STATES OF AMERICA
CIVIL AERONAUTICS BOARD
WASHINGTON, D. C.

Number _____

Expires _____

This is to certify that _____

[photo]

whose signature and photograph appear hereon is a duly designated _____

_____

(Signature)

CIVIL AERONAUTICS BOARD,
*Washington, D. C.*

and is authorized and directed to perform the duties of said office in accordance with the laws of the United States and regulations thereunder, and his authority will be respected accordingly.

By authority of the Civil Aeronautics Board.

_____

*Secretary,*
*Civil Aeronautics Board.*

Name _____
Date issued _____
Number _____
Height _____
Weight _____
Hair _____
Eyes _____
Date of birth _____

The holder hereof is authorized to investigate violations of the FAA, as amended, collect evidence in cases in which the economic regulatory authority of the Civil Aeronautics Board is or may be involved and perform other duties imposed upon him by law.

Section 407(e) of the Federal Aviation Act of 1958, as amended, together with Part 240 of the Regulations of the Civil Aeronautics Board, provides in part that the Board, through its duly accredited special agents or auditors, shall at all times have access to, and may inspect and examine, all lands, buildings and equipment of any air carrier and all accounts, records, and memoranda, including all documents, papers, and correspondence, and make copies thereof.

The issuance of these credentials to the holder hereof constitutes an order and direction on the part of the Civil Aeronautics Board to such individual to carry out these duties as aforesaid and as more fully described in Part 240 of the Board's Economic Regulations.

Failure to honor these credentials will result in penalties as provided by law.

UNITED STATES OF AMERICA
CIVIL AERONAUTICS BOARD
WASHINGTON, D. C.

(d) Any identification card and credentials heretofore issued to any such employee of the Board referring to section 407(e) or section 702(c) of the Civil Aeronautics Act of 1938, as amended, shall be deemed amended to refer, re-

spectively, to section 407(e) or section 701(c) of the Federal Aviation Act of 1958 and shall continue in effect according to their terms until modified, superseded, or recalled by the Board.

\* \* \* \* \* \*

§ 240.2 Carriers' obligation

Any air carrier, upon the demand of a special agent or auditor of the Board and upon the presentation of the identification card and credentials issued to him in accordance with this part, shall forthwith permit such special agent or auditor to inspect and examine all lands, buildings, and equipment of the carrier and all accounts, records, and memoranda, including all documents, papers, and correspondence now or hereafter existing, and kept or required to be kept by the carrier and shall permit such special agent or auditor to make such notes and copies thereof as he deems appropriate.