**In re VERSER–CLAY CO. et al.**
No. 1628.

Circuit Court of Appeals, Tenth Circuit.
Aug. 31, 1938.

Rehearing Denied Oct. 7, 1938.

Reuben M. Roddie, of Oklahoma City, Okl. (A. L. Beckett, of Oklahoma City, Okl., on the brief), for Verser-Clay Company et al.

H. S. French, of Tulsa, Okl., and O. John Rogge, of Chicago, Ill., Solicitors (Allen E. Throop, Gen. Counsel, and Thomas J. Lynch, Asst. Gen. Counsel, both of Washington, D. C., O. H. Allred, of Fort Worth, Tex., R. F. Milwee, Jr., of Little Rock, Ark., Solicitors, and Herbert B. Cohn, of counsel, on the brief), for Securities and Exchange Commission.

Before LEWIS, BRATTON, and WILLIAMS, Circuit Judges.

LEWIS, Circuit Judge.

Clay says he relies on the Fifth Article of Amendment to the United States Constitution, U.S.C.A.Const. Amend. 5:

"No person * * * shall be compelled in any criminal case to be a witness against himself."

He further says that he and Mr. Verser have been indicted in the United States Court for the District of Columbia for criminal offenses described in said Sections 5 and 17 of the Securities Act, and that the object of the Commission and its officers is to obtain from him proof of their guilt and use it against them in that prosecution or use it in finding other indictments, and that the production of the books alone might disclose such incriminating facts and he believes they would. But Clay can not claim the constitutional privilege for acts of the corporations. Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771, Ann. Cas.1912D, 558, wherein the subject is exhaustively discussed; Wheeler v. United States, 226 U.S. 478, 33 S.Ct. 158, 57 L. Ed. 309; Grant v. United States, 227 U. S. 74, 33 S.Ct. 190, 57 L.Ed. 423; Brown v. United States, 276 U.S. 134, 48 S.Ct. 288, 72 L.Ed. 500; Essgee Co. v. United States, 262 U.S. 151, 43 S.Ct. 514, 67 L.Ed. 917. It may be true that there is something in the corporate books and documents that shows personal acts of Clay that tend to incriminate him. If so, he had an opportunity to present them to the District Judge and ask that he be protected in his constitutional right, but he sought no protection in that respect. It is not claimed that when he was on the witness stand any question was asked the answer to which would tend to incriminate him. Clearly the privilege asserted by him does not extend to the two corporations. When the matter was taken to the District Court Clay did not make any effort to show that any of the documents and records called for were wholly immaterial for any purpose in the inquiry and that the proceeding was no more than a fishing expedition wherein practically all

its records in business transactions were called for. In our opinion the order appealed from was a proper one on the facts disclosed and should be affirmed. It is so ordered.