McGARRY et al. v. SECURITIES AND
EXCHANGE COMMISSION.

No. 3058.

Circuit Court of Appeals, Tenth Circuit.

Feb. 7, 1945.

John R. Wolff, of Boulder, Colo. (Charles T. Mahoney and William H. Scofield, both of Denver, Colo., on the brief), for appellants.

A. Marvin Lungren, Atty., Securities and Exchange Commission, of Denver, Colo. (Roger S. Foster, Sol., and Robert S. Rubin, Sp. Counsel, both of Philadelphia, Pa., John L. Geraghty, Regional Adm'r, of Denver, Colo., Arnold R. Ginsburg, of Philadelphia, Pa., and Alec J. Keller, of Denver, Colo., Attys., all of Securities and Exchange Commission, on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge, delivered the opinion of the court.

On April 27, 1944, the Securities and Exchange Commission,[1] pursuant to §§ 19 (b) and 20(a) of the Securities Act of 1933,[2] 15 U.S.C.A. §§ 77s(b), 77t(a), issued an order directing an investigation in the matter of W. E. McGarry and Industrial Loan Corporation.[3] The order stated that members of the Commission's staff had reported to it information tending to show that during the period from May, 1941, to June, 1943, McGarry and the Loan Corporation had sold to the public stock and other securities of the Commonwealth Industrial Bank[4] and the Loan Corporation by means of misrepresentations with respect to the dividends to be paid by the Loan Corporation during 1941, the necessity of exchanging securities of Fidelity Loan and Investment Company[5] for securities of the Loan Corporation in order to "recover a prior investment in Fidelity," "the recovery of the entire investment in securities of Fidelity" within two years by so exchanging such securities, and the value of the stock of the Bank.

The order further stated that such information, if true, tended to show that McGarry and the Loan Corporation had violated §§ 5(a) and 17(a) of the Act, 15 U.S.C.A. §§ 77e(a), 77q(a). An investigation was ordered by the Commission to determine if such information was true and officers were designated[6] by the Commission to administer oaths, subpoena witnesses, and require the production of any books, papers, or other records deemed relevant or material to the inquiry.

Pursuant to such order, John L. Geraghty, a duly designated officer of the Commission, on May 3, 1944, issued subpoenas duces tecum to the Loan Corporation, McGarry, and the Bank, respectively, which required the production of certain books, papers, and documents before another officer of the Commission at its Denver office on May 9 and 10, 1944. These subpoenas also contained the usual ad testificandum clause.

The subpoena directed to the Loan Corporation required it to produce (1) books reflecting receipts and disbursements "from April 1, 1941, to the present time," including supporting data; (2) correspondence between it and its stockholders and stockholders of Fidelity during such period relating to offers to exchange its stock for the stock of Fidelity and offers to exchange stock of the Bank for stock of the Loan Corporation, and relating to the financial condition of the Loan Corpora-

---

[1] Hereinafter referred to as the Commission.

[2] Hereinafter referred to as the Act.

[3] Hereinafter referred to as the Loan Corporation.

[4] Hereinafter referred to as the Bank.

[5] Hereinafter referred to as Fidelity.

[6] Section 19(b) of the Act, 15 U.S.C. A. § 77s(b), authorizes such designation.

tion; (3) minutes of stockholders' and directors' meetings during such period; (4) copies of its articles of incorporation and by-laws; (5) its stock certificate books and the stock transfer books containing entries during such period; and (6) copies of advertising material used in connection with the sale of its securities from April 1, 1941, to April 1, 1942.

The subpoena directed to the Bank required it to produce (1) ledgers reflecting the book or actual value of its outstanding stock during the period from August 1, 1943, to January 31, 1944, and (2) correspondence and other memoranda relating to a contract "whereby McGarry and/or the Industrial Loan Corporation acquired stock" of the Bank, together with the contract and minutes of stockholders' and directors' meetings mentioning such transaction.

The subpoena directed to McGarry required him to produce the same books, records, and documents of the Loan Corporation and the Bank described in the subpoenas directed to the Loan Corporation and the Bank, and, in addition, required him to produce similar books and records of Fidelity for the period "from May 1, 1940, to the present time."

The subpoenas were all served approximately one week before the production of such records was required. The subpoenas were not obeyed.

Pursuant to § 22(b) of the Act, 15 U.S.C.A. § 77v(b), the Commission thereupon filed with the district court an application for an order requiring the production of the documentary evidence specified in the subpoenas. In response to the court's order to show cause, McGarry and the Loan Corporation filed a joint response in which it was alleged that neither of them was in possession of any records of Fidelity described in the subpoena directed to McGarry; that McGarry was in possession of some, but not all, of the records of the Loan Corporation called for in the subpoena directed to him; that he had access to some, but not all, of the records of the Bank called for in the subpoena directed to him. In the same response the Loan Cor-

poration moved to quash the subpoena on the ground that it is a corporation and, therefore, may not be subpoenaed as a witness. In a separate response, the Bank moved to quash the subpoena directed to it on the same ground set up by the Loan Corporation, and averred that the facts stated in the application were insufficient under the Act to authorize the Commission to conduct an investigation into its books, records, and affairs. The Bank further averred that it did not have and never has had in its custody or possession any written contract whereby McGarry or the Loan Corporation acquired shares of the Bank and had had no transactions with the Loan Corporation and McGarry other than transactions whereby McGarry had bought certain of the Bank's shares on the foreclosure of stock pledged with it as collateral for loans to others.

The district court entered its order requiring the Loan Corporation, the Bank, and McGarry to appear before the designated officer of the Commission on August 22, 1944, and to produce the documentary evidence described in the subpoenas. This is an appeal from that order.

 It is true that a corporation is incapable of testifying, except through its duly authorized officers and agents. Nevertheless, a subpoena duces tecum may be directed to a corporation. An ad testificandum clause is not essential to the validity of such a subpoena, and, where it is included in such a subpoena, it is separable from the duces tecum clause and may be disregarded as surplusage.[7]

In Wilson v. United States, 221 U.S. 361, 374, 31 S.Ct. 538, 542, 55 L.Ed. 771, Ann.Cas.1912D, 558, the court said:

"Treating the requirement to produce as separable from the requirement to testify generally what one knows in the cause, it follows that the latter may be omitted from the subpoena without invalidating the former. This course does not impair any right either of the opposing party or of the person responding to the subpoena. The latter may still have the opportunity to which he has been held entitled (Aikin v. Martin [11 Paige, N.Y., 499]), of show-

---

[7] Wilson v. United States, 221 U.S. 361, 372-375, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D, 558; Essgee Co. of China v. United States, 262 U.S. 151, 157, 43 S.Ct. 514, 67 L.Ed. 917; Commonwealth v. Southern Express Co., 160 Ky. 1, 169 S.W. 517, 518, L.R.A.1915B, 913, Ann.Cas.1916A, 378; Norcross v. United States, 9 Cir., 209 F. 13; Duncan v. Carson, 127 Va. 306, 103 S.E. 665, 105 S.E. 62. Cf. In re Verser-Clay Co., 10 Cir., 98 F.2d 859, 120 A.L.R. 1098.

ing under oath the reasons why he should not be compelled to produce the document. For this right does not depend upon the ad testificandum clause, but is incident to the requirement to ·produce."

In Duncan v. Carson, 127 Va. 306, 103 S.E. 665, 668, 105 S.E. 62, the court said:

"The subpoena duces tecum usually also contains the ad testificandum clause, but this is not at all necessary. The two clauses have separate and distinct objects, and either may be enforced without the other; and, even where both clauses are contained in the same subpoena, it is not necessary for the party suing out the writ to avail himself of both objects."

■ The fact that the order instituting the investigation did not indicate that the Bank had violated or was suspected of violating any provision of the Act is not material. The question is whether the books and records of the Bank sought by the subpoena called for matter relevant and pertinent to the inquiry. The authority of the Commission to require the production of books and papers embraces not only relevant books and papers of the party or corporation under investigation, but also those of third parties or corporations.[8] The Commission was not investigating the Bank. It merely sought documents of the Bank pertinent to a lawful investigation being made by it of the Loan Corporation and McGarry. The Bank may not object on the ground that the production of such documents may disclose violations of law by it. Being a corporation, it is not protected by the self-incrimination clause of the Fifth Amendment.[9]

■ The fact that the Loan Corporation was chartered under state law does not exempt it from investigation. The powers of the national government in the vindication of its own laws are the same as if the Loan Corporation had been created by that government. When authorized by the Congress, agencies of the national government may investigate corporate activities within the regulatory powers of Congress.[10]

■ There is no basis for the contention that the investigation is a general roving inquiry, a fishing expedition, and amounts to an unreasonable search and seizure in violation of the Fourth Amendment. The subpoenas indicated the subject matter of the inquiry; they specifically described the books and papers so they could be readily identified; and they called for books and records covering a limited period of time and which were relevant to the inquiry. The test of the validity of the subpoena is not the extent of the books and records called for, but whether those called for are pertinent and relevant to the inquiry. The process is lawful if it confines its requirements within the limits which reason imposes in the circumstances of the particular case.[11]

The evidence sought by the subpoenas was not plainly incompetent or irrelevant to any lawful purpose of the Commission. On the contrary, the books and records called for appeared to be well within the normal area of the investigation.[12]

■ Want of possession, by the person to whom a subpoena is directed, of certain of the books and records described therein does not excuse him from producing those within his possession and which he is able to produce. The Loan Corporation, the Bank, and McGarry should have responded to the subpoenas within the limits of their ability and explained their inability to produce all the documents. Instead, they chose to disobey the subpoenas. If they respond to the subpoenas within their ability and it does not appear that they have acted in bad faith or dispossessed themselves of books and records for the purpose of

---

[8] Brownson v. United States, 8 Cir., 32 F.2d 844, 847; Wilson v. United States, 221 U.S. 361, 385, 31 S.Ct. 538, 55 L. Ed. 771, Ann.Cas.1912D, 558.

[9] Hale v. Henkel, 201 U.S. 43, 69, 70, 26 S.Ct. 370, 50 L.Ed. 652; Fleming v. Montgomery Ward & Co., 7 Cir., 114 F.2d 384, 386, 387.

[10] Hale v. Henkel, 201 U.S. 43, 26 S. Ct. 370, 50 L.Ed. 652; Wilson v. United States, 221 U.S. 361, 382, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D, 558; Essgee Co. of China v. United States,

262 U.S. 151, 155, 43 S.Ct. 514, 67 L. Ed. 917.

[11] Wilson v. United States, 221 U.S. 361, 382, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D, 558; Essgee Co. of China v. United States, 262 U.S. 151, 156, 43 S.Ct. 514, 67 L.Ed. 917; Shotkin v. Nelson et al., 10 Cir., 146 F.2d 402; Bowles v. Beatrice Creamery Co. et al., 10 Cir., 146 F.2d 774.

[12] Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 509, 63 S.Ct. 339, 87 L.Ed. 424.

avoiding their production, they will not be in contempt for failure to produce books and records not within their possession. Their ability to produce such books and records can best be inquired into initially at the hearing before the Commission and, if necessary, in further proceedings before the district court.[13]

 Finally, we do not think the district court erred in not specifying the period of time during which the Commission might examine the documentary evidence called for in the subpoenas.[14] It is to be presumed that the Commission will exercise its functions in a reasonable and lawful manner.[15] However, should the Commission abuse the process of the court, which should not now be anticipated, application can then be made to the court for relief.

The order appealed from is affirmed.

---

[13] Martin Typewriter Co. v. Walling, 1 Cir., 135 F.2d 918.

[14] Bowles v. Baer, 7 Cir., 142 F.2d 787, 789.

[15] United States v. Chemical Foundation, Inc., 272 U.S. 1, 14, 15, 47 S.Ct. 1, 71 L.Ed. 131.