**SHASTA MINERALS & CHEMICAL COMPANY, Appellant,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Appellee.**

No. 7277.

United States Court of Appeals
Tenth Circuit.

Feb. 28, 1964.

Dan S. Bushnell, Little America, Wyo., for appellant.

Walter P. North, Associate Gen. Counsel, Securities and Exchange Commission, Washington, D. C. (Philip A. Loomis, Gen. Counsel, and Paul J. Kemp, Washington, D. C., on the brief), for appellee.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

The Securities and Exchange Commission filed with the trial court an Application for an Order to Require Obedience to a Subpoena. The Commission was engaged in a duly authorized investigation of appellant and had issued a subpoena duces tecum directing appellant to produce its stockholders' list and other records showing the names and addresses of its stockholders. The Application was filed pursuant to 15 U.S.C. § 77v(b) which provides that a United States District Court on such an application may issue an order requiring the person to

whom the administrative subpoena was directed to appear before the Commission or its examiners and to produce documentary evidence as so ordered or to give evidence. The trial court issued an order directing appellant to comply with the subpoena duces tecum, and it appeals.

■■ The powers of the court are here sought to carry out an administrative function during the preliminary stage of the Commission's investigation. Statutory provisions of this type are in general use to enforce administrative subpoenas. These statutes make available a judicial remedy for the administrative agency, which if granted is enforceable as any court order by the power to punish for contempt. This power to punish is not generally available to federal administrative agencies, Interstate Commerce Comm'n v. Brimson, 154 U.S. 447, 14 S.Ct. 1125, 38 L.Ed. 1047, thus recourse is here sought by way of a separate judicial proceeding. The administrative action is not far advanced, however there is an extensive background of related proceedings by the Commission involving appellant, so the matter is not entirely one of prophecy. 44 Colum.L.Rev. 531. Much has been written on the subject of this method of enforcement at this point in an investigation, and no purpose would be served by a further discussion here. Loss, Securities Regulation; 35 Colum.L.Rev. 578; 51 Harv.L.Rev. 312. In this close contact between the executive and judicial branches of government there can and do occur some difficult moments for both, as evidenced by the many opinions and articles on the subject. The Administrative Procedure Act also refers specifically to administrative subpoenas. 5 U.S.C. § 1005. It is apparent, and the trial court recognized, that the administrative agencies must be given broad powers and latitude to conduct their investigations and hearings. This is necessary to carry out the Congressional mandate as to their statutory duties and functions. The courts by separate judicial proceedings and within the limitations mentioned hereinafter assist the agencies in the performance of their prescribed functions.

The matter here before us is a sharply contested one and, as mentioned, is a part of a long series of hearings and investigations. The initial hearing below from which this appeal arose followed the trial court's order directed to appellant to show cause. The parties then moved for summary judgment, and the case although commenced in a summary manner was handled as provided in Rule 81 of the Federal Rules of Civil Procedure. The trial court held a preliminary conference and the parties indicated that affidavits would be filed in the summary judgment proceedings. The following colloquy took place:

"The Court. All right. Can you stipulate that each of you, without abandoning your position that a hearing is necessary, if summary judgment isn't granted in your favor, agree that the case may be submitted upon the motion of each of you for summary judgment, to be supported by affidavit and counter-affidavit within the time that we may agree upon? Would that be the most expeditious way to reach the problem?

"[Attorney for the Commission]: That would be fine.

"[Attorney for appellant]: We have no objection."

The appellant filed affidavits but the Commission did not do so. The trial judge thereafter pointed out to the Commission that the affidavits were, of course, not then required to prevent an adverse ruling, but in view of the matters contained in appellant's affidavit, he mentioned that some explanation from the Commission would be helpful. Despite this encouragement, the Commission did not act and stood on its Application for an Order to Require Obedience, which may be considered to be its "pleadings." This hearing was held before the significant changes on this very point were made in Rule 56 effective July 1, 1963. What did the court have before it? The

Commission's Application for an Order states that its investigation was being conducted to determine whether appellant was violating the registration and the anti-fraud provisions of the Securities Act; it also describes the issuance of the subpoena, and details the refusals to comply. The Application then states that the " * * * investigation has been unlawfully obstructed, delayed and hindered and will continue to be hampered by defendants' refusal to comply * * *." This is the extent of the facts the trial court had to work with as advanced by the Commission in support of its motion for summary judgment. As against the Commission's Application, the court had before it appellant's lengthy Affidavit in Support of Motion For Summary Judgment, with numerous exhibits attached. This document contains much by way of opinion and suspicion and many paragraphs do not otherwise conform to Rule 56 of the Federal Rules of Civil Procedure; however, it also contains some specific facts. It states that the representatives of appellant were told in a conference with Commission officials that appellant might as well withdraw its registration statement since it would never be permitted to become effective; also that appellant's representatives were then advised that the Commission had a "long file" on appellant's president and they would never permit a registration statement to become effective for a company of which he was the principal officer. The affidavit also states that appellant was encouraged by the Commission to perform certain described acts, and the fact that these were performed was then used against appellant. Also it asserts that the representatives of the Commission told appellant's attorney that they were going to make a test case out of appellant's connections with its underwriter, a local businessman, and because the Commission wanted publicity, it held a public hearing rather than following its usual practice of holding private hearings on such matters. There are a number of incidents described in the affidavit apparently with the intention of showing a systematic persecution and harassment of appellant and of its president. Since none of the material in the affidavit was controverted and the trial judge's request for an explanation was refused, it can only be assumed that the Commission takes the position that even if all of these statements as to its actions were true, it nevertheless could call upon the court to assist it in pursuing the matter further. The following discussion on this point took place between the trial court and appellee's attorney:

"[The Court]: And I don't know whether I can do anything about it in a proceeding such as this, but I certainly can make some inquiry about it. And if the Government is content to simply say, 'Well, we'll admit that's the fact, but what are you going to do about it?' I'm going to look into it further.

"[Attorney for the Commission]: Our purposes of admitting the proof of the affidavit is for the purpose of the motion for summary judgment only."

The trial judge was sorely troubled by the way in which the matter was presented as indicated by his statement:

"If the administrative agency were determined to prevent a registration or to ruin a company, irrespective of the merit of the company, I suppose in many cases that could be accomplished by circularizing a thousand stockholders with a detailed questionnaire inferring that the information was necessary because of probable or possible violation of law by the management of the company. For the Court to lend itself to any such program as that, if it appeared that that were the only objective, the only reason, would of course do violence to the judicial process.

"Those are some of the things that have given me pause this morning, as I reflect upon the record and the law."

By its Application the Commission had asked the trial court to enter into the matter, although in a separate judicial action, but to thereby become a participant in the overall course of action being pursued by the Commission. Under these circumstances the trial court is entitled to know whether it is "participating" in an arbitrary proceeding against appellant as the affidavit indicates, and as its contents are admitted by the Commission for the purpose of the motion. It is also entitled to know whether it is an investigation within the statutory authority of the Commission not in the "coverage" sense but whether wholly illegal, and this again in view of the uncontroverted facts in the affidavit.

■ As indicated, the parties submitted the matter on motions for summary judgment, and nothing appears in the record to show the Rules of Civil Procedure were not applied. The affidavit of appellant raised questions of fact bearing on the question whether the request was within the statutory authority of the Commission, and whether it was arbitrary. The Government's position here assumes that these facts cannot ever be material because even if established the court must nevertheless enforce the subpoena. This position is not correct. The facts are material because they are relevant to the question of whether or not the Commission was acting arbitrarily or in excess of its statutory authority. The factors were reserved to the courts by the decision in Okl. Press Pub. Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614. This cited case concerned primarily the matter of how the "coverage" of the statute under which the investigation was being conducted would be determined, and what showing on this "coverage" would be required. The case before us does not have such an issue, but the principles are nevertheless applicable. The Supreme Court held that a trial court has some discretion as indicated by the "may issue an order" phrasing of the comparable statute. It held that this language permits this discretion to be exercised to determine at least whether the administrative subpoena is within the limitations of arbitrary action or statutory authority. The Supreme Court said in the cited case, " * * * but this does not mean that his inquiry must be 'limited * * * by forecasts of the probable result of the investigation * * *'." The Court notes that the consideration of these limitations on administrative subpoenas is not a minor matter, and by no means abases the judicial function. This cited case was followed by United States v. Morton Salt Co., 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401, and by Civil Aeronautics Board v. Hermann, 353 U.S. 322, 77 S.Ct. 804, 1 L.Ed.2d 852. Also of significance is the reversal in Federal Trade Comm'n v. Crafts, 355 U.S. 9, 78 S.Ct. 33, 2 L.Ed.2d 23. Our court has considered the matter in McGarry v. Securities and Exchange Comm'n, 10 Cir., 147 F.2d 389, wherein a subpoena was enforced; in Shotkin v. Nelson, 10 Cir., 146 F.2d 402, and in Oklahoma Press Pub. Co. v. Walling, 10 Cir., 147 F.2d 658.

■ In the case at bar there would be no undue burden on the appellant were he required to comply with the subpoena, by reason of the fact that a stockholders' list is required to be maintained under Utah law and it presumably is available. There is also no issue of relevancy and no issue of "coverage" of the regulatory statutes, as they clearly apply to appellant. The only issues present are whether or not the Commission acted arbitrarily or outside of its statutory authority. The trial court indicated that it must restrict itself only to whether the subpoena adequately described the document, whether it was burdensome, in the sense that it would be difficult to comply, and whether privileged material was called for. In so doing it too narrowly limited its inquiry. As a proper exercise of its judicial function the trial court should also, under the circumstances here present, where the Commission has admitted for the motion the truth of appellant's affidavit, inquire whether the Commission was acting arbitrarily and whether it was acting within the scope of its au-

thority in the issuance of the subpoena. Thus there were present unresolved issues as to material facts and the summary judgment should not have been granted.

The judgment is set aside and the case is remanded for further proceedings in accordance with the principles herein set out.