**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**SHASTA MINERALS AND CHEMICAL CO., Defendant.**

**No. C 194-62.**

United States District Court
D. Utah,
Central Division.

Aug. 21, 1964.

G. Gail Weggeland, Salt Lake City, Utah, Robert M. Laprade, and Walter P. North, Washington, D. C., and Joseph J. Kennedy, Los Angeles, Cal., for plaintiff.

Dan S. Bushnell, Little America, Wyo., for defendant.

CHRISTENSEN, District Judge.

The Securities and Exchange Commission applied for an Order to Require Obedience to a subpoena in aid of its investigatory powers, pursuant to 15 U.S.C. § 77v(b). The only document sought through the subpoena was a list of defendant's stockholders, which admittedly could be supplied without burden to the defendant.

In Shasta Minerals & Chemical Company v. Securities and Exchange Commission, 10th Cir., 328 F.2d 285 (1964), it was determined that this court acted too narrowly in favorably ruling on the Government's Motion for Summary Judgment, and it was stated, among other things:

" * * * The trial court indicated that it must restrict itself only to whether the subpoena adequately described the document, whether it was burdensome, in the sense that it would be difficult to comply, and whether privileged material was

called for. In so doing it too narrowly limited its inquiry. As a proper exercise of its judicial function the trial court should also, under the circumstances here present, where the Commission has admitted for the motion the truth of appellant's affidavit, inquire whether the Commission was acting arbitrarily and whether it was acting within the scope of its authority in the issuance of the subpoena. Thus there were present unresolved issues as to material facts and the summary judgment should not have been granted."

While I had feared that a view other than the one initially taken by me would be sowing the wind of confusion and discord between matters judicial and administrative, I have no authority or reason to question the mandate of the Circuit Court, as I now understand it.

Discovery is in progress preparatory to the trial of the issues indicated. It already has been conducted rather broadly and extensively and its results thus far include the disclosure of a substantial number of documents, the examination by the defendant of the public files of the Commission and the deposition of the enforcement attorney in the Division of Trading and Markets of the Commission concerning the general course, and detailed description of the records, of the Commission's investigation. A transcript of this single deposition consists of 116 pages. The defendant has also noticed the taking of depositions of various employees of the Commission, and it has been indicated that these employees will be tendered for the purpose without objection.

■ Defendant has also noticed its intention to take the oral depositions of Chairman William L. Cary and Commissioner Byron D. Woodside of the Securities and Exchange Commission, and that of an unnamed person in charge of, or assigned to prepare, the decision in connection with the stop order proceedings presently under consideration by the Commission. The defendant also has demanded the production of some 100 investigation reports, letters, reports of telephone conversations among staff members, intra-commission memoranda, and similar matters from the non-public files of the Commission. The demand is unaccompanied by any showing of special cause, necessity or justification, except that which may inhere in the nature of the proceedings before the court or the comments of the Court of Appeals.

The purpose of the demand and the nature of the documents called for are indicated in the transcript of the hearing before the Court on July 27, 1964, to which reference is made. In sum it was made clear that the justification and purpose of the defendant in demanding them were to have available everything with respect to the intra-commission memoranda, discussions and disclosures upon the basis of which the Commission took the action it did in ordering the investigation. Counsel for the defendant indicated that he was not so much interested in the objective facts disclosed by the investigation as he was in the mental processes of the Commission in arriving at its conclusions.

The plaintiff Commission has turned over to the court for in camera inspection the files and documents in question pursuant to the procedure commended in Sperandeo for and on Behalf of N. L. R. B. v. Milk Drivers & Dairy Employees Local No. 537, 10th Cir., 334 F.2d 381 (1964). Independent of such in camera inspection which has been cursorily accomplished, or in view of it, it is apparent that the only "cause" for the production of the demanded documents would be to disclose the mental processes of the Commission members and the employees acting upon behalf of the Commission by intra-commission memoranda, conversations and correspondence, in the investigative and decisional process.

■ I do not think that the Circuit Court intended such procedure to be in-

dulged in exploring the additional issue which it indicated this court should determine. If this were the intent and effect, in my judgment such procedure, indeed, would threaten to reap a whirlwind of confusion and conflict and render impossible the performance of their respective functions by both the administrative agencies and the judiciary, and would be in clear conflict with controlling decisions of the United States Supreme Court. Nor would the examination on oral deposition of the members of the Commission or its advisors concerning the mental and adjudicatory processes leading to the decision be proper. See Morgan v. United States, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941); 304 U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129 (1938); Chicago, B. & Q. R. Co. v. Babcock, 204 U.S. 585, 27 S.Ct. 326, 51 L. Ed. 636 (1907); National Labor Relations Bd. v. Botany Worsted Mills, 3rd Cir., 106 F.2d 263 (1939); cf. Kaiser Aluminum & Chemical Corp. v. United States, 157 F.Supp. 939, 141 Ct.Cl. 38, (1958).

I believe that we may and should have resort, pursuant to the Circuit Court opinion, to all reasonable evidentiary and discovery aids. However, in my judgment it was not the intent, and it cannot be, that we can probe in depth into the Commission's decisional processes, any more than a judge can be examined by litigants upon their allegations that he is prejudiced or otherwise disqualified, or his law clerk examined concerning his research for or communications with the judge in the decisional process.

I hold that neither necessity nor justification for the demanded production has been shown, and that the questioned depositions shall not be taken for the purpose sought. The documents submitted to the court in camera will be sealed and held subject to the further order of this court or the Court of Appeals.

The case is set for trial for September 25, 1964, at 10 a. m.