**NATIONAL LABOR RELATIONS BOARD,** on relation of **INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA,** Applicant,

v.

**Charles H. COSTELLO, President, C. Cowles & Company, Respondent.**

Civ. A. No. 12674.

United States District Court
D. Connecticut.

Sept. 17, 1968.

Arnold Ordman, Gen. Counsel, Harold M. Kowal, Regional Atty., National Labor Relations Bd., Boston, Mass., Benjamin Rubenstein, New York City, for International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, for applicant.

Sidney A. Coven, Lepie & Coven, Bostom, Mass., A. Arthur Giddon, Hartford, Conn., for respondent.

## RULING ON APPLICATION FOR ORDER REQUIRING OBEDIENCE TO SUBPOENA DUCES TECUM

CLARIE, District Judge.

This case is before the Court pursuant to an application by the National Labor Relations Board (the "Board"), under § 11(2) of the National Labor Relations Act (29 U.S.C. § 151 et seq.) (the "Act"), requesting an order requiring Charles H. Costello, President of C. Cowles & Company, to comply with a *subpoena duces tecum* issued by the Board in the course of a representation proceeding. The Court finds that the Board's application should be granted.

The Respondent, C. Cowles & Company, is a Connecticut corporation with a factory located at 83 Water Street, in the City of New Haven. On November 17, 1967, the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) filed a petition with the Board seeking to be certified as the collective bargaining representative of the Company's 173 production and maintenance personnel. An election was held on February 21, 1968, which the UAW lost by the vote of 83 to 80. The Union duly filed objections to the election including the claim that the "Company issued increases in wages during the pre-election period." After a preliminary investigation, the Regional Director ordered a hearing on this objection and on June 19, 1968, at the request of the UAW, the Hearing Officer issued a *subpoena duces tecum* requiring Respondent to produce "Wage records of employees in bargaining unit between November 24, 1967 and February 21, 1968." The parties were unable to reach an agreement and Respondent refused to produce the wage records, except for those cases where some evidence was first brought forward by the Union or the Board indicating that such wage increases had been granted. After exhaustion of Respondent's administrative remedies, the Board commenced this action.

Motions were heard before the Court on September 9, 1968; and at that time it was orally stipulated that at least three wages increases had been granted. These included one granted to an employee at the termination of his training period, a customary procedure in the plant; another to an employee who, as in prior years, had temporarily assumed the duties of a vacationing foreman; and the third instance was to an employee upon the conclusion of one of the Company's periodic time study investigations.

Both in the Board proceedings and before this Court, Respondent has maintained that his refusal to comply with the subpoena is based on the claim that the subpoena is too broad in scope. He represents that he has willingly turned

over, and will continue to readily disclose all wage records in those cases where any evidence is brought forward of a wage increase during the pre-election period. He contends that the Board by demanding the records of the entire bargaining unit, has launched little more than a fishing expedition. Respondent asserts that this information is presently sought in an order to provide the Union with factual or statistical propaganda for its next attempt to organize the Company. His contention is that the Board may only subpoena the wage records of those employees for whom there is some evidence of a wage increase.

■ While the older cases condemned fishing expeditions by administrative agencies, modern cases uniformly hold that an administrative agency, performing its investigatory functions, is not bound by the formal requirements of probable cause. United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); United States v. Morton Salt Co., 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950); Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946); Link v. NLRB, 330 F.2d 437, 55 LRRM 2977 (4th Cir.1964); NLRB v. C.C.C. Associates, 306 F.2d 534, 50 LRRM 2882 (2d Cir.1962); NLRB v. United Aircraft Corp., 200 F.Supp. 48, 49 LRRM 2753 (D.Conn.1961), aff'd mem., 300 F.2d 442 (2d Cir.1962); 1 Davis, Administrative Law § 3.12 (1958).

In Morton, supra at 642–643, 70 S.Ct. at 364, the Supreme Court stated that an administrative agency may have and exercise powers of original inquiry. The Court analogized the agency's functions to those of a Grand Jury which may investigate "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." See also, United States v. Powell, supra.

■ However, the fact that no probable cause need be shown does not give the Board or any other agency blanket authority to intrude into the private affairs of the citizenry. The Board's broad subpoena power is limited however, by requiring that the Board not act arbitrarily or in excess of its powers, that the demand not be too indefinite, and that the information sought be reasonably relevant. Morton, supra at 652, 70 S.Ct. 357. As a corollary rule, the information must not be sought for harassment or other ulterior purpose, and no unnecessary or unreasonable burden may be cast upon the person being investigated. United States v. Powell, supra; Shasta Minerals & Chemical Co. v. S.E.C., 328 F.2d 285 (10th Cir.1964).

■ The Respondent does not contend that the Board is acting beyond its general statutory powers in conducting this routine § 9 proceeding, nor does it contend that information concerning pay increases would not be relevant to the issue of the validity of the election. NLRB v. Exchange Parts Co., 375 U.S. 405, 84 S.Ct. 457, 11 L.Ed.2d 435 (1964). These facts having been established, the burden is on Respondent to show that the Board's action is arbitrary, for purposes of harassment, or for other ulterior motive. United States v. Powell, supra at 58, 85 S.Ct. 248. Respondent's allegation that the information is desired solely to provide the Union with propaganda for the anticipated election next year is wholly insufficient. Respondent introduced no evidence to support this allegation nor did it indicate that the disclosure of individual employee piece rate production ratings might disrupt the harmony of the shop. The few facts presented to the Court support the conclusion that a question exists of whether improper pay raises were granted. The parties stipulated to three cases of wage increases. One of these involved a piece rate change as a result of a time study. In view of the fact that such studies were apparently done on a routine basis by the Company, other piece rate changes might have occurred. Without a full disclosure of the records during the controversial period, this Court cannot say that the Compa-

ny's piece rate changes could not have been used to accomplish a purpose proscribed by the Act.

■ The Respondent has presented no evidence or given any reason why the records should be deemed confidential matter or why it would be unduly burdensome to deliver the same in New Haven. Production of the wage records of 173 employees for a limited 90-day period is a reasonable demand. See, NLRB v. United Aircraft Corp., *supra*.

For the reasons stated, the Board's application is granted in all respects and an order may issue accordingly, requiring Respondent to appear and testify before the Hearing Officer, at a time and place to be fixed by said Hearing Officer, and there to produce the records sought.

So ordered.