NATIONAL PETROLEUM REFINERS
ASSOCIATION et al., Plaintiffs-
Appellants,

v.

John T. DUNLOP, Director, President's
Cost of Living Council, et al.,
Defendants-Appellees.

No. DC–16.

Temporary Emergency Court of Appeals.

Oct. 23, 1973.

William Simon, Howrey, Simon, Baker & Murchison, Washington, D. C. (Alan Wiseman, Washington, D. C., on the brief), for plaintiffs-appellants.

William C. White, Atty., U. S. Dept. of Justice (Irving Jaffe, Acting Asst. Atty. Gen., William E. Nelson and John N. Hanson, Attys., Dept. of Justice, Washington, D. C., on the brief), for defendants-appellees.

Before TAMM, Chief Judge, and VAN OOSTERHOUT and HASTINGS, Judges.

HASTINGS, Judge.

This case, involving challenges to certain Cost of Living Council (CLC) Phase IV petroleum regulations, is before us on certification from the district court pursuant to § 211(c) of the Economic Stabilization Act of 1970, as amended. Section 211(c) requires such certification where "substantial constitutional issues" are raised in suits brought under the Act.[1]

Plaintiffs have strenuously argued, both here and in the court below, that certification is improper here inasmuch as the constitutional issues are "peripheral" to this lawsuit. The CLC agrees that the case was improperly certified, but for the reason that plaintiffs' constitutional claims are without merit and thus are not "substantial" within the meaning of the Act. The parties of necessity have fully briefed and argued the entire case before this court, including the substantial nonconstitutional questions involved, and the CLC urges that we now decide the case on the merits in the interest of judicial economy. This we decline to do. Rather, we agree with the parties that the case was improperly certified and, for the reasons stated below, shall remand for a trial on the merits.

Initially, we observe that the trial court has incorrectly certified the *entire case* to this court.[2] Section 211(c) states that when the trial court "determines that a substantial constitutional issue exists, the court shall certify *such issue* to the Temporary Emergency Court of Appeals." (Emphasis supplied.) The appeals court may then, in its discretion, direct that the "entire action be sent to it for consideration," or it may treat the certified issues and remand the case for further disposition below. In disposing of this case we shall view the procedure here as one of certifying all constitutional issues raised by the parties in their pleadings and memoranda filed in the trial court.

Plaintiffs brought this action on August 27, 1973, seeking a declaratory

1. " § 211 Judicial review
 * * * * *
 (c) In any action commenced under this title in any district court of the United States in which the court determines that a substantial constitutional issue exists, the court shall certify such issue to the Temporary Emergency Court of Appeals. Upon such certification, the Temporary Emergency Court of Appeals shall determine the appropriate manner of disposition which may include a determination that the entire action be sent to it for consideration or it may, on the issues certified, give binding instructions and remand the action to the certifying court for further disposition." 12 U.S.C.A. § 1904 n. (Supp.1973).

2. The trial court's notice of certification, which also certified Schirtzinger v. Dunlop, T.E.C.A. No. DC–15, states in pertinent part:

" * * * The matter having come on for hearing on Plaintiff's Motion for Preliminary Injunction in each of the cases and because of the fact that the parties have raised substantial constitutional questions as to Subpart L of the Phase IV Oil Regulations, particularly as they relate to the Due Process Clause of the Fifth Amendment to the Constitution of the United States, and pursuant to the authority conferred upon the Temporary Emergency Court of Appeals to hear and determine the issues when a 'substantial constitutional issue exists,' I hereby certify each of the above-entitled cases to the Temporary Emergency Court of Appeals for appropriate disposition along with Murray Anderson, et al. v. John T. Dunlop, et al., C.A. No. 1621–73 [366 F. Supp. 582], decided August 24, 1973 by Judge Barrington D. Parker."

judgment and injunctive relief to prevent defendants from enforcing against them section 150.352 and subsections 150.355(e), 150.358(k), and 150.359(d) of Subpart L, Part 150 of the CLC Phase IV regulations.[3] These sections require, *inter alia*, that retailers of gasoline post on their pumps the octane number of the gasoline (§ 150.355(e)) ;[4] that refiners and resellers of gasoline certify to purchasers in writing the octane number of gasoline sold (§ 150.-358(k) and § 150.359(d)) ; and that the octane number which is posted or certified be computed by dividing by two the sum of the "research" and "motor" octane numbers as described by the American Society for Testing and Materials (§ 150.352). On brief the CLC asserts that the purpose of the regulations is to "assist in precluding reductions in quality without corresponding price reductions."

A hearing on plaintiffs' motion for a preliminary injunction was scheduled for August 29, 1973. At the hearing the district court on its own motion and over plaintiffs' objection decided to certify the case to this court. The district court denied plaintiffs' motion for a temporary restraining order but did not rule on the motion for a preliminary injunction. On August 30, plaintiffs filed a motion for a preliminary injunction in this court, which we denied on September 4, with the notation that such denial

"reflects in no degree or manner a decision on the merits of this case." The case was consolidated for oral argument with T.E.C.A. Nos. DC-14,[5] DC-15,[6] and 6-3,[7] each of which challenged some or all of the Subpart L petroleum regulations.

With deference, we have concluded that the district court, in certifying this case, has misconceived the nature of the challenge to the regulations brought by these plaintiffs. Unlike DC-14, DC-15, and 6-3, which challenge the pricing provisions of Subpart L primarily on the grounds of unconstitutional discrimination, the principal issues here involve statutory interpretation and agency discretion.

The major portion of plaintiffs' lengthy complaint is devoted to developing two basic claims, which may be summarized as follows:

1. The challenged regulations are in excess of the statutory authority of the Council, in that a statutory mandate to stabilize prices cannot be read to authorize regulations which require the certification and posting of product ingredients (paragraphs 8, 16, and 29) ; and

2. The challenged regulations are arbitrary and capricious, primarily because octane is only one of twelve characteristics of gasoline which are indicative of quality (paragraphs 8, 16-24, 28, 30-31).[8]

---

3. Sections 150.352, 150.358(k), and 150.-359(d) are found at 38 Fed.Reg. 22536 (Aug. 22, 1973) ; § 150.355(e) is at 38 Fed. Reg. 23794 (Sept. 4, 1973). On September 28, 1973, the Council announced significant amendments to Subpart L. 38 Fed.Reg. 27290 (Oct. 2, 1973). However, the changes registered with respect to the sections here challenged do not appear to affect this dispute.

4. Plaintiffs do not complain of the requirement for posting the ceiling price. Our only concern here is the challenge to posting the octane rating.

5. Anderson v. Dunlop, decided by our court Oct. 10, 1973.

6. Schirtzinger v. Dunlop, certified Aug. 29, 1973, now pending.

7. Michigan Petroleum Association v. Cost of Living Council, filed Sept. 5, 1973 ; agreement of dismissal filed by the parties Oct. 16, 1973.

8. Scant mention also is made in the complaint and in plaintiffs' brief to this court of a third statutory claim: that the President and his delegate, the CLC, have violated § 203(a) and (b) of the Act by failing to state reasons for the regulations and by failing to establish adequate standards.

Both claims are grounded, not on the Constitution, but on § 211(d)(1) of the Act, which provides in pertinent part:

> \* \* \* no regulation of any agency exercising authority under this title shall be enjoined or set aside, in whole or in part, unless a final judgment determines that the issuance of such regulation was in excess of the agency's authority, was arbitrary or capricious, or was otherwise unlawful under the criteria set forth in section 706(2) of title 5, United States Code \* \* \* .[9]

It is true that the complaint also raises several constitutional issues. Paragraphs 26 and 32 claim a denial of due process in violation of the Fifth Amendment, in that the regulation "invidiously discriminates" against plaintiffs by requiring the gasoline industry alone to certify and post product ingredients. The prayer for relief seeks a declaration, *inter alia*, that the CLC failed to establish "adequate standards," in violation of the due process clause. Also, paragraphs 25 and 32 allege, *inter alia*, that the "regulation constitutes an improper delegation of legislative authority," presumably in violation of Article I of the Constitution. Nevertheless, a review of the complaint as a whole compels the conclusion that the constitutional issues here are in fact peripheral to this lawsuit. Two of these issues are not discussed at all in plaintiffs' fifteen page memorandum to the trial court, and the sole constitutional issue there treated is relegated to a single, five line paragraph. We think it clear that in the context of this litigation, the constitutional issues are not substantial within the meaning of § 211(c), and that the certification was improper.

In thus disposing of the case, we express no opinion on the merits of plaintiffs' claims, constitutional or otherwise. Section 211(c) grants this court wide discretion in disposing of certified constitutional issues. An issue which is "substantial," in the sense that it is not without merit, may nevertheless be remanded to the trial court where the need for factual development so dictates.[10] Here, for example, the discrimination question likely turns on whether the CLC possessed a rational basis for its alleged singling out of the gasoline industry for imposition of an ingredients posting requirement. See United States v. Lieb, 462 F.2d 1161, 1167 (T.E.C.A.1972), citing Richardson v. Belcher, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971). Resolution of the rational basis question in turn requires consideration of the often complex economic data which prompted the CLC action. Such consideration is best performed in the first instance by the district court. *Cf.* Western States Meat Packers Association, Inc. v. Dunlop, 482 F.2d 1401 (T.E.C.A.1973), where in deciding a certified due process issue we relied heavily on the district court record and findings reported in Pacific Coast Meat Jobbers Association, Inc. v. Cost of Living Council, 481 F.2d 1388

---

9. The reference therein to 5 U.S.C. § 706(2) incorporates the subsection of the Administrative Procedure Act which sets forth standards for judicial review.

10. General Rule 32(b) of the Temporary Emergency Court of Appeals provides that in certification cases this court may require that the record in the district court be forwarded for consideration. Normally, a record sufficient to decide "rational basis" due process questions would be compiled in the trial court in the first instance. Here, the district court apparently felt that the issues were adequately developed by the pleadings, briefs, and affidavits, and by the record in Anderson v. Dunlop, reference to which is expressly made in the notice of certification. (See n. 2 *supra*.)

(T.E.C.A.1973). Thus, even if plaintiffs were here primarily relying on constitutional arguments—which they are not—the appropriate disposition might well be to remand the case for factual development at the district court level.[11]

 Plaintiffs in their brief "renew their motion for a preliminary injunction," heretofore filed August 30, 1973, and denied by this court on September 4, 1973. In view of our disposition of this case, such renewed motion for a preliminary injunction is denied.

In light of the foregoing, the certification by the district court is vacated and this cause is remanded for a trial on the merits.

Remanded with instructions.

---

11. We do not hold that in every case in which a constitutional issue exists the trial court must first resolve all nonconstitutional questions before certifying constitutional issues to this court. *Cf.* Hannah v. Larche, 363 U.S. 420, 430, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960). Section 211(c) clearly anticipates that this court, in its discretion, may choose to consider an entire action. Where substantial constitutional issues are raised, it is for the Temporary Emergency Court of Appeals to determine the appropriate disposition, which may include remanding the case for further development at the trial level.